IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON KEMPER,<br><br>    Petitioner,<br><br>  vs.<br><br>SUPERIOR COURT OF ALAMEDA COUNTY,<br><br>    Respondent. | No. C 08-2870 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND AND INSTRUCTIONS TO THE CLERK** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at Pleasant Valley State Prison in Coalinga, California, has filed a habeas corpus petition on his own form. Petitioner has paid the $5.00 habeas corpus filing fee.

The petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. Because the Court cannot determine the nature of the claims Petitioner intends to present to this Court and the relief he seeks, the petition is dismissed with leave to amend within thirty days.

## BACKGROUND

According to the petition, Petitioner was filed a prior lawsuit in this Court under Case No. C-04-1667 JSW (PR). Petitioner contends that the dismissal of that prior action was based on discrimination, without providing any details of the discriminatory motive or action. Petitioner further alleges that actions of this Court as well as the Superior Court, State Board of Control and Board of Supervisors violated his rights to access the courts under *Lewis v. Casey*, 518 U.S. 343, 350 (1996). Petitioner further claims that

there may be a "conflict of interest" here because this Court "allowed a flawed second charge against me (this conviction)[.]" Finally, Petitioner apparently raises an allegation of ineffective assistance of counsel against his trial attorney for the criminal charges for which he is currently incarcerated. Petitioner filed the instant action on June 9, 2008.

## DISCUSSION

I.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.  Discussion

Although Petitioner has identified the claims he has raised as a habeas corpus petition, it is unclear whether they are properly filed in this Court as such. The complaint is largely incomprehensible and do not specify the relief sought. Petitioner has also attached documents from the state courts concerning his criminal conviction. However, it is unclear why they are attached and how they relate to the instant petition. It appears from his petition that Petitioner is alleging violations of his constitutional rights during his incarceration, properly brought under 42 U.S.C. § 1983, rather than challenging the lawfulness of his confinement, the province of habeas corpus.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad*

*v. Close*, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983."  *Id.*

Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition.  *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).  The two remedies are not always mutually exclusive, however.  *Id.* at 1031.

The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code.  *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition.  *See id.*  The Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."  *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

Petitioner must decide which claims he wishes to be considered here and clearly present them to this Court.  If he has claims of each type, both challenges to the conditions of his confinement and to the underlying conviction, he must present them in separate actions.  If Petitioner only wishes to proceed on a civil rights complaint here, the Court may construe this complaint as such.  *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971).  However, if Petitioner is pursuing a civil rights case here, Petitioner should be aware that he will be liable for the filing fee of $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted *in forma pauperis* status, by way of deductions from his or her prisoner account.

Petitioner must clearly state the nature of his claims and must include the substance of the claims and relief sought on the Court's form habeas or civil rights petition, which he must complete to the best of his ability.  Petitioner will be provided

3

with these forms by the Court Clerk.  Within thirty days of the date of this order, Petitioner must file a civil rights complaint or a habeas corpus petition on the Court's form which informs the Court of the nature of his claims.

## CONCLUSION

For the foregoing reasons and for good cause shown, this action is dismissed with leave to file a complaint of petition within *thirty days* of the date of this order.  Failure to file either by the deadline will result in dismissal of this action.  Petitioner is reminded that an amended complaint filed as a matter of course or after leave of court supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  Petitioner must include all of the civil rights or habeas claims he intends to pursue on the Court's form.  The Clerk of Court shall provide Petitioner with a copy of each of these forms.

It is Petitioner's responsibility to prosecute this case.  He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with any orders of the Court within the time allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

IT IS SO ORDERED.

DATED:  December 15, 2008

JEFFREY S. WHITE
United States District Judge

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON KEMPER,<br><br>   Plaintiff,<br><br>   v.<br><br>SUPERIOR COURT OF ALAMEDA COUNTY et al,<br><br>   Defendant. | Case Number: CV08-02870 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 15, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Winston Kemper
Pleasant Valley State Prison
B64476
P.O. Box 8500
Coalinga, CA 93210

Dated: December 15, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk